Bowman, anytime you are ready. This is number 2386. So, Mr. Bowman. Yes, your honor. Switch gears. Okay. May it please the court. In this case, I will first address Mr. Henderson's claim that he has a liberty interest in going to private property unless barred by someone with an interest in the property. Specifically, the private property in question is the Walmart store at 4807 Valley View Boulevard here in Roanoke. The major premise of the district court's decision that Henderson does not have a liberty interest is invalid because it's set up and then knocked down a straw man. That straw man is that Henderson claimed that his liberty is that the district court said that Henderson claimed his liberty interest arose solely from the trespass bar statutes, that the source of his liberty interest was the trespass bar statutes and not the constitution. The district court knocked down that straw man by ruling that the trespass bar statutes did not create a liberty interest and that Henderson therefore failed to state a claim. This was erroneous because the district court misanalyzed the source of the federal liberty interest that Henderson seeks to indicate, which is the freedom of movement that was deeply rooted American and post-Saxon law and existed as a liberty at the time the constitution of the 14th Amendment was adopted. So what is your binding authority that invitees have a liberty interest to remain on private property per the constitution? Well, people, when asked like that, I think I have to break it down in two parts. People have freedom of movement. To public places. The binding authority on that is Chicago versus Morales and Kent versus Dulles. Those are Supreme Court cases. People have a right to go to public places. Public places can be Yes, ma'am. And so Henderson has a right of movement to go there. Now, of course, he can be prohibited from going there by someone lawfully in charge of the property and that Isn't that what they did? No, ma'am. No, your honor. That is not what they did. Now, this case was dismissed at the 12B6 level. So we're looking at what the complaint alleges. But what happened here was that Walmart has set up, not surprisingly, a business trust to own the real estate. Virginia passed a statute that allows localities to create a trespass bar ordinance that allows the owners. Well, the Virginia statute allows a person in charge of property and it describes various things, including a tenant, to appoint the police as its agent to bar people from returning to the property to issue a trespass bar. Okay. Rono, the city of Rono, they specifically require the owner of the real property to be the appointer of the trespass bar to appoint the police as the trespass bar authority. Because there's a different Walmart entity. That's your whole case. That's right. Well, it's not the whole. I mean, I disagree. It's the whole case, but that is the point that we are making. There's a difference between Walmart and what? There's a difference between Walmart Stores Incorporated, which is the tenant operator of the store, and the Walmart Business Trust, which is the owner of the real property. Under the Rono ordinance, only the Walmart Business Trust is, as the owner of the real property, has the authority to appoint the police department as the trespass bar authority, and they never did that. Oh, but they could do that tomorrow if they wanted. But they didn't. They have not yet. But they could. They could. Yes, Your Honor. Yes, of course. Yes, they could. Maybe they will. Surprisingly, this litigation's gone on for a while and I don't think they've done it yet, so I'm not sure. I can't read Walmart's mind, but they have not done it yet. Okay, so as far as the authority that he has, your question was, the authority that Henderson has to go to the private property, he has a right to free movement unless he's barred by the person legally authorized to bar him. No one has barred him other than the policeman, and the policeman didn't have the authority to bar him. Okay, and that liberty interest to go to Walmart, that arises from the Federal Constitution because it pre-existed the Federal Constitution and the 14th Amendment. So, you're not arguing... Sorry. Go ahead, Judge Motch. Go ahead. So, it may be the same... Maybe we're going to ask about the same thing. So, you have... This is a procedural due process case claim that we're talking about. Is that fair? Yes, Your Honor. Okay, and you're arguing, and I grant you, you argued in your briefs that there is this freedom to move, freedom of movement issue. But doesn't... As you also pointed out, we're at the 12B6 stage, and as I read the complaint, all the allegations about liberty interest related to these statutes. And maybe I missed some of it. If you would just point me to the JA number where you pled this general constitutional freedom of movement as compared to liberty interest based upon the statutes. In JA 74. Okay, hold on just a second, please. Okay. Okay, JA 74. Count three of the complaint. It says procedural due process requirements of VA code 50. Right. Am I referring to the statute? Paragraph 58, Your Honor. Page 74. Okay. Yes. I mean, it does refer to the statute, but the statute is a better way to have pleaded this case, admittedly. Okay, and I will admit this. But we're at the 12B6 stage. Would have been, in retrospect, for me to simply say that Henderson had a liberty interest in freedom of movement, which included the right to go to Walmart unless barred by someone who had authority over the property. To just say that. Okay, then the city would have defended that claim by saying it had the right to bar him under the trespass bar statutes, which is what it is saying. Okay, and then Henderson would have replied that the city didn't follow the statute and he has no recourse to vindicate his constitutional right to movement because there's no way to appeal action like this by the city. Okay, that would... It may be so, but you can, I think. The law allows you to bring a procedural due process claim based upon the Constitution. I think that is certainly the case. And you have a, based on constitutional liberty interest. And you also can, there's case law to support the ability to bring a procedural due process claim for liberty interest, deprivation of liberty interest that derive from statutes. But there's some requirements when you do it the second way. And I mean, it just, as I read the complaint, because I tried to do that to make sure I knew what we were talking about, the complaint seemed to refer that the source of your liberty interest was the Virginia Code and the Roanoke City Code ordinance enacted pursuant to it. And then I argued the constitutional things. I don't think you've waived that to us, but I think we go back to the complaint and I'm trying to, it sounds like you want us now to say that we are considering the complaint as if it was pled from a constitutional liberty interest when what you pled was a statutory liberty interest. Your Honor, I'll accept that's a perfectly fair criticism of what I have done and am doing. But the first point that you made is that a way to do this would be to, or a person, not what I'm trying to do, but a person could. This is the opposite of what I'm trying to do. But a person could plead a procedural due process claim based on a state law creating mandatory predicates, I think is the word in the case law. And that those mandatory predicates were violated and that constitutes a procedural due process violation. This case did get off on that track wrongly. Now that's not what I intended to do with the complaint. And the complaint at the 12B6 stage doesn't contain that mandatory predicates argument or allege those facts. And so that's why I think even at this stage, this court can say that the complaint is not so defective that it should have been dismissed. What happened was that the city argued, probably cleverly, but I don't think it was necessarily a stratagem. The city argued that their main defense to this complaint is that there were not mandatory predicates, that the bit on that. And then in the district court, I spent too much time talking about why the trespass bar statutes could be construed as substantive predicates. And because of that, I probably steered this case in the wrong direction. And the district court only addressed that. But before the district court addressed that, I tried to fix it in the district court by saying that the interest or the liberty interest at issue here is the constitutional freedom of movement interest. And we've included in our briefs here, the briefs from the district court. And I have cited the same cases that I've cited in response to Judge Thacker's questions here today, which is Kent versus Dulles and Chicago versus Morales, that there's a constitutional liberty interest in interest that we're trying to vindicate. Are you saying that your briefing and argument modified the complaint? No. No, Your Honor. I'm not saying... Well, if you haven't alleged that in the complaint, and I don't think you have, how is it properly before us? Well, I believe that I have... I mean, the only way for me to respond to that is that I believe the complaint does allege that. It says in the complaint, and of course, the court, you know, certainly has the power to say that I'm wrong. But I believe that the language in the complaint that says, quote, Henderson suffered constitutional injury as a result of defendants impairment of Henderson's liberty interest in not being prohibited by the city from returning as a business invitee to the premises, even though it does say when the procedural due process requirements of the trespass bar statutes were not satisfied. I believe that that does identify a constitutional liberty interest. And I do say in the complaint that the constitutional liberty interest is the freedom of movement. Yes, but you say that this is because of the requirements of Virginia Code 15-2-1717. Because they were not satisfied. Your Honor, at this stage, I believe that since this is a civil rights complaint, and that even if there's a defect in the plea, or even if there's an error in the plea, both the defendant and the plaintiff see what the issue is here. And that rather than dismissing Henderson's right to vindicate an important constitutional right, which he's identified, the court should treat this under a precedent of Edwards v. City of Goldsboro, that a civil rights complaint should not be dismissed at the early stage unless the facts So, it may be defectively pled, but there are facts here that would allow, that plausibly support the legal theory that I'm positing now, that I posited on the brief before you. And so, I request that the court reverse the district court's dismissal of the pled only that the constitutional interest arose from the statutes, and allow us to proceed on what we really are saying, which is the constitutional right arises because of the freedom of movement that pre-existed the Constitution as a constitutional right, that that's the source of the constitutional right. That's as plainly as I can say it. Okay. Thank you. Okay. I think you're up. Time is up. Hear from the other side. May it please the court. This is Tim Spencer. I'm here on behalf of the City of Verona in this matter. And I believe that your honors have hit on the nail on the head, so to speak, district court also came to, which is the sole, in order to have a due process, you have to, if we look back to the Supreme Court's ruling in Board of Regents versus Roth, the Supreme Court held that in order to prevail on a procedural due process claim, a plaintiff must establish that he or she has constitutionally protected liberty or property interest. So, when you look at the pleading, the only way to reasonably come to any conclusion is that the appellant was seeking to derive his liberty interest from the statute. And when you look at the case law dealing with that, and specifically Kentucky Department of Corrections versus Thompson, Supreme Court has held that the state law must contain explicitly mandatory language, i.e. specific directives to the decision maker. That mere procedural requirements in a particularized standard or criterion to guide state decision makers isn't enough. In order for statute to create a vested liberty interest or property interest giving rise to procedural due process, it must confer more than mere expectation. Now, when we look at the statute, yes, I'm sorry. Counsel, could I just interrupt? Because I think your colleague, in a very transparent way, kind of conceded the weakness of an argument that was based on statute and is arguing that he effectively pled a constitutional claim. And we can make that determination based on the way or the other. But assume we think he has adequately pled the constitutional claim. What's your response to that? Well, Your Honor, it would be two ways. First of all, if we look at the Dulles case, it deals with travel. And it's dealing with international and interstate, not interstate. It says nothing about the ability to remain on private property. In fact, where we did find a similar case was out of the 11th circuit in the Watkins case, where police officers found an individual on a parking lot, and he wasn't supposed to be there. And they asked him to leave. And he sued, alleging that his due process, the same type of claim as Mr. Henderson's trying to claim here, and was saying that, hey, listen, I've got a liberty interest in remaining on that. So what did the 11th circuit say? 11th circuit stated that the liberty interest in remaining in the shopping center's parking lot did not have a constitutionally protected liberty interest in remaining on that property. They further held that did not have a liberty interest in remaining on private property. And the officers explained to him that he was trespassing, gave him the opportunity to leave. That's very similar to what we have here with Officer McClain. Again, we're going to dispute some of the facts that the appellant has alleged in his complaint. We believe he's left things out. And I think it's very important. It's hard not, unsee something. If you watch the video of this incident, you see the two managers are the ones that barred Mr. Henderson from the property. So we don't even get there on a factual standpoint, which court can take judicial notice of, and is encouraged to, for the purposes of a case. But from a constitutional standpoint, I don't believe that Kent v. Dulles stands for that. It's a travel case, first of all. Second of all, Chicago v. Morales, that's dealing with public property, public streets. That was dealing with a statute, an ordinance out of the city of Chicago. Public streets. Entirely different. I don't believe that it applies here. I don't believe that there's a constitutional liberty interest in remaining on private property that has never been found. And I don't believe that this is the case in which to find it, especially when we know, from looking at the facts, that two employees of Walmart asked Mr. Henderson to leave and said that he was barred from the store. They have every right. And that the city's police officer wasn't acting under 15.2-1717.1, that it was actually acting under 18.2-119. Because you see, 15.2-1717.1 is in the neighboring statute. Not every locality is going to do that, is going to adopt that. So what happens if a police officer shows up at a Walmart in a locality that hasn't adopted a trespass bar program, and the manager says, I want this individual to leave the store, and he won't leave. Is he precluded from telling the gentleman and giving him a warning that he needs to leave, that he's been barred by the management of that establishment? I don't believe so. So therefore, as a matter of law, I do not believe that the appellant has stated the cause of action upon which relief can be granted. And therefore, ask that this court support the district courts and affirm the district court's dismissal of this client. Is there ever an oral argument in the district court? Yes, there was, Your Honor. And so did Mr. Henderson's counsel make the arguments that he's made in front of us? He did raise the issue of freedom of movement. I understand that, but did he say that actually he intended to say that this was not based in Virginia law, but based on the Constitution? Most of what he said, I believe that Mr. Bowman has been very honest with this court, that he argued at length that he derived the liberty interest from the statute. Okay. I thought in response to the questions from Judge Quattlebaum that he was saying that he intended to be making a constitutional argument, but you think that's a late-breaking development? I know that he spent a great deal of time arguing with the district court on why he believed there was a liberty interest derived from the statute. I cannot tell this court that he didn't argue that, because I know that he did make mention of a generalized liberty interest of freedom of movement. Does anybody have any questions from counsel? No. Okay. Thank you very much. Thank you. Sir, do you have any rebuttal? Yes, Your Honor. The last issue that Judge Motz raised, I think a fair characterization of what I argued at the district court oral argument was that I did argue there that there was a liberty interest that arose under the substantial predicates from the statute. I also argued that the right of movement arose from the Constitution. I didn't see them as mutually exclusive. I'm not sure. The district court doesn't seem to have, or at least I couldn't find, maybe you can tell me where to address the constitutional argument. Your Honor, the district court didn't. The district court just ignored that issue, ignored my argument. Well, we don't have a transcript of what was argued in front of the district court, right? That's correct. I mean, I'm telling you honestly that I did argue the substantial predicates, and I also argued the right of movement issue, because I didn't see them as mutually exclusive at the time. The district court only wrote about the substantial predicates issue. On the first page at the bottom of its opinion, it explained why, I think. Okay. The constitutional liberty, Mr. Spencer argues the constitutional liberty interest doesn't extend to remaining on private property. There is a set of cases, Hicks cases in Virginia that are described at length in my brief. Those are about remaining in private property. I think the law in Virginia, or the law is anywhere under the federal constitution, but it was addressed by the Virginia courts that there's a right to remain on private property, privatized property in that case. Mr. Spencer talks about this 11th Circuit Watkins versus Miller case. That's an example of how we I mean, that was briefed in the district court. We argued it's the oral argument, and this is precisely on this issue of whether there's a right of movement or not. The difference between Watkins versus Miller and the case here is that in Florida, there is a statute that allows policemen to bar people from returning to open private property. There was no statute like that in Virginia. In Virginia, a policeman cannot bar someone from authority over the private property, bars them or gives the policeman the authority under one of these trespass bar statutes to bar them. That doesn't mean a policeman can't remove somebody for trespassing. Of course they can, but they can't bar them from returning without the permission of the private property owner. As to who barred Henderson, okay, we allege in the complaint that McLean barred Henderson, not Shelton. I think that the video says that, indicates that. Shelton didn't say, I never want him to come back. Nobody from Walmart said that. The policeman said, I am obviously going to bar him. And the authority that he used to bar him was the paperwork under the city's trespass bar program, which is attached to the exhibit to the complaint. So I fully understand that I have maybe made this case messier than it should have been. Okay. But where we stand right now, despite having made this mess, is that Henderson's constitutional right to go to Walmart was abridged. It was abridged by the city's action. And he does not have the procedural due process that's necessary for that right to be abridged. The district court had that issue before it. We argued it before the district court. The city briefed it in its briefs, like this Watkins versus Miller case, like the Hicks cases. Those were briefed in the district court. Clearly the constitutional issue was before the district court. Why didn't the district court address it in its decision? I don't know. Just like in the previous case, the district court didn't address the probable cause issue relating to the retaliatory prosecution claim. I don't know why it didn't do that either. Okay. But at this point, at the 12B6 stage, Henderson's right to try to vindicate his constitutional liberty interest is a significant enough interest that the court should reverse the dismissal of the case at this early stage and allow him to proceed. Thank you very much. I guess I'll ask the clerk to adjourn court. Thank you for your arguments. And we're sorry we can't come down and say hello to you. But hopefully the next time you have a case in the Fourth Circuit, we'll be able to do that. Thank you, Your Honors. It was a pleasure. It's been a long time. I've not been before you this court before, and I thoroughly enjoyed it and appreciate being before you. We appreciate both your arguments. Thank you. If the clerk would adjourn court until tomorrow morning. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Diana Gribbon Motz, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.